**The ADLEY EXPRESS COMPANY,
Plaintiff,**

v.

**M. SPINELLI & SONS CO., Inc.,
Defendant.**

**Civ. A. No. 62-358.**

United States District Court
D. Massachusetts.

Sept. 18, 1962.

William H. Clancy, Boston, Mass., for plaintiff.

Robert J. Sherer, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is an action of contract in which the complaint alleges the following facts. On March 9, 1953, the parties executed a sealed contract under the terms of which the defendant, M. Spinelli & Sons Co., Inc. (Spinelli), agreed to construct, and the plaintiff, The Adley Express Company (Adley), agreed to pay for, a motor freight terminal in Cambridge, Massachusetts. The complaint recites Adley's full performance of its obligations under the contract and alleges that after Spinelli completed its construction activities the terminal began to settle and large cracks appeared, whereupon Spinelli performed certain corrective work, at reduced cost to plaintiff Adley, and upon completion of the corrective work releases were executed by the parties.

The gist of the instant action is set forth in paragraph 5 of the complaint, which alleges:

"At the time the plaintiff executed said releases to the defendant, the defendant knew and had a duty to disclose to the plaintiff the fact that the defendant had failed to comply with the terms of the original contract between the parties requiring the removal of rubbish and refuse at the location of the said terminal prior to its construction. The defendant wilfully and fraudulently failed to disclose such failure thus fraudulently inducing the plaintiff to execute said releases."

The complaint concludes with an allegation of continuing deterioration of the terminal building and resultant money damages to the plaintiff.

The defendant moved to dismiss on the ground that the complaint "fails to state a claim upon which relief can be granted." Both parties filed memoranda of law in support of their respective positions and both assumed that the law of Massachusetts is determinative of their rights in this litigation, which appears a proper assumption under familiar choice of law principles applicable to diversity cases.

Because the complaint in its present form fails to allege a fiduciary relationship between the parties, it fails to set forth a cause of action under Massachusetts law, and the motion to dismiss must be allowed. Willett v. Herrick, 258 Mass. 585, 598, 155 N.E. 589; Brockton

Olympia Realty Co. v. Lee, 266 Mass. 550, 561, 165 N.E. 873; Goodwin v. Agassiz, 283 Mass. 358, 186 N.E. 659; International Trust Co. v. Myers, 241 Mass. 509, 513, 135 N.E. 697; Restatement of Torts, Section 551.

The plaintiff may file an amended complaint setting forth a cause of action in either tort or contract within fifteen (15) days from the date hereof, if it elects to do so. If an amended complaint is not filed within fifteen (15) days, the action is dismissed.